**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DIAMOND BEAR BREWING COMPANY                                                    PLAINTIFF

v.                                                  No. 4:10CV00080 JLH

STROMBERG TANKS INTERNATIONAL, INC.
and JOHN DOES 1-4                                                               DEFENDANTS

**OPINION AND ORDER**

Diamond Bear Brewing Company has filed a motion to vacate this Court's February 26, 2010, order denying Diamond Bear's motion for default judgment. Diamond Bear has also filed a motion to remand the case to the Circuit Court of Pulaski County, Arkansas. Stromberg Tanks International, Inc., has filed a response to the motion to vacate. For the following reasons, the motions to vacate and remand are denied.

**I.**

Diamond Bear filed suit against Stromberg Tanks and John Does 1 through 4 in the Circuit Court of Pulaski County, Arkansas, on December 7, 2009. Diamond Bear sent the summons and complaint via certified mail, return receipt requested, restricted delivery to "Stromberg Tanks International, Inc., c/o Clinton Stromberg, Registered Agent for Service of Process, 11956 Bernardo Plaza Drive, #425, San Diego, CA 92128." At 11956 Bernardo Plaza Drive is a business known as "Postal Annex," where businesses and individuals are allowed to rent mailboxes for receipt of mail. Bruce Coleman, an employee and letter carrier for the United States Postal Service, delivered the summons and complaint to Postal Annex on December 12, 2009. Sue Prior, the Postal Annex employee who was working that day, signed the return receipt and checked the box beside the word

"Agent," indicating that she was an agent of the addressee. More than thirty days elapsed before Stromberg Tanks filed a response to the summons and complaint.

On January 27, 2010, Diamond Bear filed a motion for default judgment, alleging that service of the summons and complaint had been properly served on Stromberg Tanks on December 12, 2009. Diamond Bear attached a copy of the certified mail return receipt to its motion. After Stromberg Tanks became aware of the case, it filed a notice of removal, and the case was removed to federal court. On February 11, 2010, Stromberg Tanks responded to the motion for default judgment and attached to its response the affidavit of Clinton Stromberg, President of Stromberg Tanks. Mr. Stromberg's affidavit said that he had not received the summons and complaint, that he does not know anyone named Sue Prior, and that Sue Prior is not an employee or registered agent of Stromberg Tanks. Based on the affidavit of Mr. Stromberg, the Court denied the motion for default judgment.

On February 26, 2010, Diamond Bear filed a motion to vacate the Court's order denying the plaintiff's motion for default judgment to allow additional discovery on service issues. On March 5, 2010, Diamond Bear filed a supplemental motion to vacate and attached the affidavit of Bruce Coleman, the mail carrier who delivered the summons and complaint to Sue Prior. At the time he signed his affidavit, Mr. Coleman indicated that he did not notice the "restricted delivery" in the mail article and if he had he would not have had Sue Prior sign for the mail. Diamond Bear also filed a motion to remand the case to the Circuit Court of Pulaski County, Arkansas.

In its response to the original and supplemental motions to vacate, Stromberg Tanks included a copy of the "Application for Delivery of Mail Through Agent" form that it had obtained from Postal Annex. The form, which was signed by Alina Stromberg, Clinton Stromberg's wife, in

November 2006, authorized Postal Annex to accept mail on behalf of Stromberg Tanks. According to the form, Postal Annex was not authorized to accept restricted delivery mail on behalf of Stromberg Tanks.

**II.**

When a defendant fails to plead or otherwise defend against a lawsuit according to the Federal Rules of Civil Procedure, the defendant is subject to an entry of default. Fed. R. Civ. P. 55(a). However, "a defendant is under no duty to respond to the rules of a court unless he is brought under its jurisdiction through the proper service of process." *Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003). A defendant therefore cannot be held in default for failure to answer until properly served. *Id.*

Service upon an individual in any judicial district of the United States may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). To serve a corporation in Arkansas, a plaintiff may deliver "a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons." Ark. R. Civ. P. 4(d)(4).

The Arkansas Rules of Civil Procedure allow for service of process by mail in two ways. First, such service may be made "by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee." Ark. R. Civ. P. 4(d)(8)(A)(i). "However, service on the registered agent of a corporation may be made by certified mail with a return receipt requested." *Id.* When this type of service is made, such service "shall not be the basis for the entry of a default or judgment by default unless the record

contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process by the addressee." *Id.* 4(d)(8)(A)(ii).  Second, service may be made "by mailing a copy of the summons and the complaint by first-class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to a form adopted by the Supreme Court and a return envelope, postage prepaid, addressed to the sender." *Id.* 4(d)(8)(B).  If the sender does not receive acknowledgment of service within twenty days, then service must be made by a personal process server.  *Id.*

The Arkansas Supreme Court has held that service requirements imposed by court rules, "being in derogation of common law rights, must be strictly construed and compliance with them must be exact."  *Wilburn v. Keenan Cos., Inc.*, 298 Ark. 461, 463, 768 S.W.2d 531, 532 (1989).  "Actual knowledge of a proceeding does not validate defective process."  *Id.*

Diamond Bear has not strictly complied with the requirements for service by mail under either provision of Arkansas Rule 4(d)(8).  Because it did not send the summons and complaint by first-class mail, together with two copies of a notice and acknowledgement conforming substantially to a form adopted by the Supreme Court, Diamond Bear has not satisfied the requirements of Arkansas Rule 4(d)(8)(B).  Service by certified mail is allowed under Arkansas Rule 4(d)(8)(A), but service pursuant to Rule 4(d)(8)(A) "shall not be the basis for the entry of a default . . . unless the record contains a return receipt signed by the addressee or the agent of the addressee."  Ark. R. Civ. P. 4(d)(8)(A)(ii).

The Court recognizes that Diamond Bear mailed the summons and complaint by certified mail with a return receipt requested.  At issue is whether the record contains a return receipt signed

by the addressee or the agent of the addressee. In 2006, Alina Stromberg signed a form specifically authorizing Postal Annex to accept mail on behalf of Stromberg Tanks. In his affidavit, Mr. Stromberg contends that Ms. Stromberg had no authority to sign the form, and even if Ms. Stromberg had the authority to sign the form, the form did not authorize Postal Annex to accept restricted delivery mail on behalf of Stromberg Tanks. (Resp. to Pl.'s Mot. to Vacate Ex. A.)[1] "The term 'restricted delivery' denotes a very specific delivery procedure within the postal service." *Wilburn*, 298 Ark. at 463, 768 S.W.2d at 532. Because the complaint and summons were sent as restricted delivery mail, neither Postal Annex nor its employees were agents of Stromberg Tanks specifically authorized to sign for the documents.

## CONCLUSION

Diamond Bear's original and supplemental motions to vacate the Court's order are DENIED. Documents #7 and #9. Its motion for remand is also DENIED. Document #10.

IT IS SO ORDERED this 6th day of April, 2010.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Even Mr. Coleman, the mail carrier, said that he would not have had Sue Prior sign for the mail if he had realized that it was restricted delivery mail. (Suppl. Mot. to Vacate ¶ 3.)